UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANCE MITCHELL DRUCKERMAN, | ) ) | Case No. EDCV 13-01836-JEM |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF |
| CAROLYN W. COLVIN, | ) ) | THE COMMISSIONER OF SOCIAL SECURITY |
| Acting Commissioner of Social Security, | ) ) | |
| Defendant. | ) ) | |

**PROCEEDINGS**

On October 16, 2013, Lance Mitchell Druckerman ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits.  The Commissioner filed an Answer on February 6, 2014. On July 3, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 53-year-old male who applied for Social Security Disability and Disability Insurance benefits on March 30, 2009, alleging disability beginning September 5, 2008.  (AR 114.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 5, 2008, the alleged onset date.  (AR 116, 150.)

Plaintiff's claim was denied initially on July 21, 2009.  (AR 114.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sally C. Reason, on March 22, 2010, in West Los Angeles, California.  (AR 114.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 114.)  Vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing.  (AR 114.)

The ALJ issued an unfavorable decision on July 21, 2010.  (AR 114-134.)  Plaintiff requested review of the decision with the Appeals Council.  (AR 25-27.)  The Appeals Council granted the request for review, found legal error in the ALJ's decision, and vacated and remanded for further administrative proceedings.  (AR 141-143.)

On January 11, 2012, Plaintiff appeared and testified at a hearing before ALJ Sally C. Reason, in West Los Angeles, California.  (AR 148.)  Plaintiff was represented by counsel.  (AR 148.)  Medical expert ("ME") Glenn E. Griffin, Ph.D., and VE Lynne Tracy, also appeared and testified.  (AR 148.)  A supplemental hearing took place on March 22, 2012, also in West Los Angeles, California.  (AR 148.)  Plaintiff appeared and testified and was represented by counsel.  (AR 148.)  VE Gregory Jones also appeared and testified.  (AR 148.)

The ALJ issued a second unfavorable decision on April 16, 2012.  (AR 148-170.)  Plaintiff again requested review of the decision with the Appeals Council.  (AR 27.)  The Appeals Council denied the request for review.  (AR 6-12.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly determined that Lance Druckerman could perform the past relevant work ("PRW").

2.    Whether the ALJ properly considered the testimony of Lance Druckerman.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing PRW.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).        Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her PRW or has no PRW, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111,

1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 5, 2008, the alleged onset date.  (AR 116, 150.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: HIV positive; history of bilateral wrist surgery; left knee surgery; right shoulder surgery; bilateral foot surgery; acid reflux; obesity; and hypertension.  (AR 150-156.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 156-158.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can sustain occasional keyboarding 30 minutes at a time, up to 4 hours in an 8 hour day; he can sustain occasional overhead reaching with the right (dominant) upper extremity; and he can sustain frequent (not constant) fine hand manipulation, bilaterally.  (AR 158-169.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 160.)

At step four, the ALJ found that Plaintiff is capable of performing his PRW as an office manager as it is generally performed.  (AR 169.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 170.)

/ / /

/ / /

**DISCUSSION**

The ALJ properly discounted Plaintiff's credibility in determining Plaintiff's RFC. The ALJ properly found that Plaintiff can perform his PRW as an office manager as it is generally performed.

The ALJ's RFC and PRW determinations are supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

The ALJ found that Plaintiff has the medically determinable severe impairments of HIV positive, history of bilateral wrist surgery, left knee surgery, right shoulder surgery, bilateral foot surgery, acid reflux, obesity and hypertension.  (AR 150.)  Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of light work.  (AR 158.)  Plaintiff does not challenge the ALJ's treatment of the medical evidence but contends that the ALJ improperly discounted Plaintiff's subjective symptom testimony in determining Plaintiff's RFC.  The Court disagrees.

**A    Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278 F.3d at 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B.    Analysis

In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically determinable impairments reasonably could be expected to cause his alleged symptoms.  (AR 160.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC.  (AR 160.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that there was a lack of sufficient objective medical evidence to support Plaintiff's subjective symptom allegations.  (AR 160-169.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, Plaintiff complained of significant physical pain but there was no objective evidence of any

musculoskeletal impairment of the spine.  (AR 161.)  The ALJ also found insufficient objective medical evidence to corroborate continued use of wrist splints or Claimant's use of assistive medical devices.  (AR 161.)  Plaintiff is HIV positive and claimed that he has AIDS but medical records do not corroborate an AIDS diagnosis.  (AR 162.)  No treating source has documented Plaintiff's alleged hand tremors.  (AR 162.)  The ALJ determined Plaintiff had non-severe mental health impairments.  (AR 162.)  Plaintiff does not address any of these findings except to note the observation of a psychologist of hand tremors.  (AR 162, 572.)  As stated by the ALJ, however, no treating source documented recurrent neurological manifestations or anything else that would be consistent with hand tremors.  (AR 162.)

Second, the ALJ made findings that Plaintiff had exaggerated his condition.  An ALJ may reject the credibility of a claimant who exaggerates his condition.  Thomas, 278 F.3d at 954, 960.  The ALJ found that Plaintiff told two consultative examiners that he had suffered a heart attack but the treating medical records document treatment for chest pain, not myocardial infarction.  (AR 162.)  The ALJ treated this as an "overcharacterization or exaggeration of his actual condition."  (AR 162.)  The ALJ also found that Plaintiff "overcharacterized" his HIV positive status.  (AR 162.)  He told Dr. Sean To that he had been very sick and was told he had AIDS but in fact he takes no anti-retroviral medications and receives no HIV treatment (AR 158) and medical records do not support an AIDS diagnosis.  (AR 162.)   Plaintiff does not offer any response to these findings.

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but it is the ALJ who is responsible for resolving ambiguities in the record.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.

**II.    THE ALJ'S PRW DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that the ALJ erred in finding at the fourth step of the sequential process that Plaintiff can perform his PRW as an office manager as that job is generally performed.  The Court disagrees.

**A.    Relevant Federal Law**

A claimant has the burden of proving that he or she no longer can perform PRW. Pinto, 249 F.3d at 844.  The ALJ, however, has a duty to make the requisite factual findings to support his conclusion on PRW.  Id.  This is done by examining a claimant's RFC and the physical and mental demands of the claimant's PRW.  Id. at 844-45.

A claimant must be able to perform:  (1) the functional demands and job duties of a particular past relevant job as he or she actually performed it, or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61; Pinto, 249 F.3d at 845.  In making this determination, the ALJ must make the following findings of fact:

1.    A finding of fact as to the individual's RFC.

2.    A finding of fact as to the physical and mental demands of the past job/occupation.

3.    A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.  Past work experience "must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability" to perform the functional activities of past work.  Id.  The ALJ's decision "must be developed and explained fully in the disability decision."  Id.

Social Security regulations advise the ALJ to consider <u>first</u> whether the individual still can do PRW as he or she <u>actually</u> performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DOT").  SSR 96-8p; <u>Pinto</u>, 249 F.3d at 845.  The claimant is an important source of information about his or her PRW.  SSR 82-41; <u>Pinto</u>, <u>id.</u>  Other sources of information that may be consulted include VE testimony and the DOT.  20 C.F.R. §§ 404.1560 (b)(2) and 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as <u>generally</u> performed.  <u>Id.</u>  Typically, the best source of how a job is generally performed in the national economy is the DOT.  <u>Id.</u>  An ALJ may accept VE testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation."  <u>Id.</u> at 846 (quoting <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995)).  The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DOT.  SSR 00-4p; <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153 (9th Cir. 2007).  If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DOT.  <u>Id.</u>; <u>Massachi</u>, 486 F.3d at 1153.  Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from DOT.  <u>Id.</u> at 1154 n.19.

### B.    Analysis

The ALJ assessed Claimant with a light work RFC limited to occasional keyboarding 30 minutes at a time up to 4 hours in an 8 hour day, occasional overhead reaching with the right dominant upper extremity and frequent (not constant) fine hand manipulation bilaterally.  (AR 158.)  With this RFC, the ALJ determined that Plaintiff could perform his PRW as an office manager as it is generally performed.  (AR 169.)

The VE testified at the January 11, 2012 hearing that Claimant had PRW as a bookkeeper (DOT 210.382-014) and office manager (DOT 169.167-034).  (AR 169.) These were sedentary jobs that required medium exertion as actually performed by

1    Claimant.  (AR 169.)  Thus, the ALJ's light work RFC excluded these jobs as actually
2    performed.  The VE further testified that Claimant could not perform the bookkeeper job
3    as generally performed (AR 79) but that he could perform the office manager job as
4    generally performed.  (AR 169.)  The VE distinguished the two occupations on the basis
5    that the keyboarding required for the office manager position is "more sporadic" than it is
6    for the bookkeeping job.  (AR 79.)  The VE's distinction is consistent with the ALJ's RFC
7    limitation to occasional keyboarding.

8        Plaintiff contends that the ALJ's PRW finding is erroneous because the ALJ
9    improperly segregated the Claimant's PRW according to the least demanding work
10   functions.  Plaintiff testified that for both the bookkeeping and office manager jobs he
11   was performing tasks required by both jobs.  (AR 76.)  His PRW was a composite or
12   hybrid job with significant elements of two occupations.  Plaintiff contends that the VE
13   improperly excluded from consideration the bookkeeping or total requirements of the
14   office manager job and simply segregated out the least demanding office manager
15   functions.

16       The Court disagrees.  Claimant had two different occupational designations,
17   bookkeeper and office manager.  The VE testified that the office manager occupation
18   had a wider variety of duties than the bookkeeping job and that, while it required some
19   bookkeeping keyboarding functions, they were "more sporadic than with the
20   bookkeeper."  (AR 79.)  The VE did not exclude bookkeeper keyboarding functions from
21   her assessment of the office manager position nor consider only non-keyboarding office
22   manager duties.  The VE did not say Claimant was unable to perform any bookkeeping
23   or keyboarding work.  Plaintiff has misframed the issue and would evaluate the office
24   manager position as if it required greater keyboarding functions than the VE testified was
25   true.

26       Plaintiff's case authority is distinguishable.  Plaintiff cites Valencia v. Heckler, 751
27   F.2d 1082, 1086 (9th Cir. 1985) but in that case the claimant was an agricultural worker
28   doing medium exertional work but occasionally doing light work sorting tomatoes.  The

ALJ improperly characterized Plaintiff's PRW as light work based on tomato sorting, excluding from consideration other medium level agricultural work required for the job. That mischaracterization did not occur here.  As already noted, the VE did not exclude from consideration keyboarding functions that were "more sporadic than with the bookkeeper."  (AR 79.)  Similarly, in <u>Carmickle v. Comm'r, Soc. Sec. Adm.</u>, 533 F.3d 1155, 1166-67 (9th Cir. 2008), the ALJ and VE improperly classified a claimant's PRW as a light work supervisory job even though 80% of the time Claimant was performing medium duty manual labor which was excluded from consideration.  Again, the ALJ and VE did not exclude from consideration the "more sporadic" bookkeeping keyboarding functions of Claimant's office manager job.  In <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1051 (9th Cir. 2001), the ALJ erroneously characterized a claimant's PRW as a receptionist and cashier even though she had never worked as a cashier and her work as a pharmacy clerk only required cashier work occasionally.  Unlike in <u>Vertigan</u>, the ALJ and VE did not parse out or exclude bookkeeping keyboarding functions from Plaintiff's office manager job.

Plaintiff's last argument is that the VE's testimony that the office manager's keyboarding functions are more sporadic than a bookkeeper's conflicts with the DOT. The Court disagrees.

The DOT provides the following description of the duties of an office manager (169.167-034):

> Coordinates activities of clerical personnel in establishment or organization: Analyses and organizes office operations and procedures, such as typing, bookkeeping, preparation of payrolls, flow of correspondence, filing, requisition of supplies, and other clerical services. Evaluates office production, revises procedures, or devises new forms to improve efficiency of workflow.  Establishes uniform protection, retrieval, transfer, and disposal of records.  Plans office layouts and initiates cost reduction programs.  Reviews clerical and personnel records to ensure

completeness, accuracy, and timeliness.  Prepares activities reports for
guidance of management, <u>using computer</u>.  Prepares employee ratings
and conducts employee benefit and insurance programs, <u>using computer</u>.
Coordinates activities of various clerical departments or workers within
department.  May prepare organizational budget and monthly financial
reports.  May hire, train and supervise clerical staff.  May compile, store,
and retrieve managerial data, <u>using computer</u>.

(Emphasis added.)  Plaintiff does not explain how the above description conflicts with
the VE's testimony or the ALJ's RFC.  The VE's testimony that the office manager's
keyboarding functions are "more sporadic" than the bookkeeper's is not inconsistent with
the above office manager description.  The VE's distinction between the two occupations
is supported by a comparison of the DOT job descriptions for both occupations.  The
bookkeeper occupation characterizes the functions of numerical recording-
recordkeeping and accounting, auditing and bookkeeping services as "significant."
(DOT 210.382-014.)  By comparison, the DOT job description for office manager regards
numerical recording-recordkeeping as "not significant."  (DOT 169.167-034.)  The VE's
recognized expertise, moreover, provides the necessary foundation for his or her
testimony.  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir. 2005).  No additional
foundation is required.  <u>Id.</u>  The ALJ reasonably relied on the VE's testimony.

Plaintiff also contends that the VE's testimony conflicts with the DOT limitation to
frequent fingering for the office manager job.  (DOT 169.167-034.)  Again, Plaintiff does
not explain why the VE's testimony conflicts with the DOT.  The ALJ's hypothetical
question to the VE includes a limitation to frequent fingering as contained in the DOT.
(AR 78.)  So does the ALJ's RFC.  (AR 158.)  The VE testified that with the ALJ's RFC
limitations the Claimant could perform the office manager position as generally
performed.  (AR 79.)  The mere fact that the office manager job includes some computer
work (keyboarding) is not inconsistent with the RFC limitation to occasional keyboarding
up to 4 hours a day.  Plaintiff again attempts to equate the keyboarding demands of both

the office manager and bookkeeping jobs but "fingering" in the office manager DOT description need not be limited to keyboarding duties.  There is nothing inconsistent between a limitation to occasional keyboarding up to 4 hours of keyboarding and two hours of non-keyboarding fingering.  Again, the VE's recognized expertise provides the necessary foundation for her testimony.  <u>Bayliss</u>, 427 F.3d at 1218.  The ALJ reasonably relied on the VE's testimony.

The Court observes that the ALJ did not ask the VE if her testimony was consistent with the DOT.  The error was harmless, however, because there was no conflict between the VE's testimony and the DOT, <u>Massachi</u>, 468 F.3d at 1154 n.19, and in any event the ALJ found that the VE clarified any distinctions from the DOT by noting that the keyboarding functions of the office manager job were more sporadic than with the bookkeeping occupation.  (AR 169.)

The ALJ's determination at the fourth step of the sequential process that Plaintiff could perform his PRW as an office manager as generally performed is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 9, 2014                          /s/ John E. McDermott
                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE